**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Dean McCoy, | No. CIV 10-052-TUC-RCC (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

On January 25, 2010, Jerry Dean McCoy, an inmate confined in the Arizona State Prison Complex-Manzanita in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Before the court are the petition and the respondents' answer.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

McCoy was convicted after a bench trial of "three counts of kidnapping, three counts of aggravated assault with a deadly weapon or dangerous instrument, and one count each of burglary, aggravated robbery, and armed robbery." (Respondents' answer, Exhibit A, p. 2.)

1 The trial court sentenced McCoy to "concurrent terms of imprisonment on all counts, the longest of which was twenty-one years." *Id*.

McCoy filed a timely notice of direct appeal arguing the trial court violated his right to a speedy trial pursuant to Ariz.R.Crim.P. 8. (Respondents' answer, p. 2.) The court of appeals affirmed his convictions and sentences on March 30, 2007. *Id*.

On April 27, 2007, McCoy filed timely notice of post-conviction relief. *Id*. He argued in his petition that trial counsel was ineffective for (a) failing to challenge the pretrial identifications and (b) failing to cross-examine two witnesses as to possible government inducements to secure their testimony. *Id*., pp. 2-3. The trial court denied the petition on December 10, 2007. (Respondents' answer, Exhibit G.) On October 23, 2008, the court of appeals granted review but denied relief. *Id*., p. 3. McCoy did not appeal to the Arizona Supreme Court. *Id*.

On January 25, 2010, McCoy filed[1] the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] He raises the following claims: (1) counsel was ineffective for (a) failing to request a *Dessureault* hearing (to challenge the out of court identification) and (b) failing to cross-examine the government's witnesses concerning promises and incentives made by the government, and (2) his speedy trial rights were violated. *Id*.

The respondents filed an answer arguing, among other things, that the petition is time-barred. McCoy did not file a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation

---

[1] On January 25, 2010, the petition was filed with the district court. Under the prison mailbox rule, the court may consider a petition filed when a pro se prisoner delivers it to prison authorities for forwarding. *See Houston v. Lack*, 487 U.S. 266, 268, 108 S.Ct. 2379, 2381 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). Unfortunately, McCoy did not indicate on his petition when it was so delivered. (Petition.)

period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for all of McCoy's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). McCoy's direct appeal was denied on March 30, 2007. He had 30 days to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a). His judgment became final when he failed to do so.

The limitation period did not immediately commence, however, because McCoy's post-conviction relief proceeding was pending at that time. *See* 28 U.S.C. § 2244(d)(2). This proceeding tolled the limitation statute until October 23, 2008, when the court of appeals issued it decision granting review but denying relief. The limitation period began running the next day and ended one year later on October 23, 2009. The instant petition was filed on January 25, 2010. It is time-barred.

McCoy did not file a reply to the respondents' answer and did not offer a formal argument as to why he might be eligible for equitable tolling of the limitation statute. In his petition, however, he explained that he "has been having a battle with cancer, and has been in and out of the hospital for the past year for one reason or another." (Petition, p. 11.) He further states he has limited access to legal material or legal expertise. McCoy's showing is insufficient to justify equitable tolling of the limitation period.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___ S.Ct. ___, 2010 WL 2346549. "Equitable tolling is justified in few cases. . . ." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id*. "[The petitioner] bears the burden of showing that this extraordinary exclusion should apply to him." *Id*.

McCoy alleges generally that his poor health, lack of legal acumen, and limited access to legal resources delayed the filing of his petition. His arguments, however, are completely conclusionary and lack the specificity necessary to prove he is entitled to equitable tolling.

For example, he does not provide the court with specifics about his illness or the dates of his alleged hospitalization. He therefore cannot prove he has been pursuing his rights diligently and his illness is an extraordinary circumstance that prevented him from filing a timely petition.

The claims advanced by McCoy in his petition are the same claims he brought in his direct appeal and in his post-conviction relief petition. They are not particularly numerous or complex. Accordingly, it is difficult to see how McCoy's limited access to legal resources would have prevented him from filing his petition within the limitation period. The court concludes McCoy is not entitled to equitable tolling. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (Equitable tolling was not warranted where the petitioner alleged he was pro se, "he lacked access to his files for 46 days," his prison library "was missing a handful of reporter volumes," and he relied on "helpers who were transferred or too busy to attend to

his petitions."); *U.S. v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (Equitable tolling was not warranted where the petitioner alleged "all of his state transcripts were destroyed, that . . . he does not speak or understand English well nor does he understand the law, and that his prison has been in "lockdown" status that has prevented him from using the prison law library."); *but see Espinoza-Matthews v. California*, 432 F.3d 1021, 1028 (9th Cir. 2005) (Equitable tolling was warranted where prison transfer deprived the petitioner of his legal papers for 11 months leaving him only one month to prepare his petition.).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [doc. #1] It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 9th day of July, 2010.

/s/ Glenda E. Edmonds
Glenda E. Edmonds
United States Magistrate Judge