**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Dean McCoy,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | No. CIV 10-052-TUC-RCC (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On January 25, 2010, Jerry Dean McCoy, an inmate confined in the Arizona State Prison Complex-Manzanita in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Doc. 1) Before the court are the petition, the respondents' answer, and their supplemental answer.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition on the merits. McCoy's trial counsel was not ineffective, and his speedy trial rights were not violated.

Summary of the Case

McCoy was convicted after a bench trial of "three counts of kidnapping, three counts of aggravated assault with a deadly weapon or dangerous instrument, and one count each of

burglary, aggravated robbery, and armed robbery." (Doc. 9, Exhibit A, p. 2) The trial court sentenced McCoy to "concurrent terms of imprisonment on all counts, the longest of which was twenty-one years." *Id*.

At trial, the state presented evidence that McCoy and three others committed an armed home invasion. (Doc. 21, p. 2) Shortly after the robbery, McCoy was captured a few blocks from the residence with gold bracelets in his pants pocket. (Doc. 21-1, Exhibit K , p. 14-18); (Doc. 9-1, Exhibit I, p. 4) Police then drove two of the robbery victims, a man and a woman, to McCoy's location for a "show-up" identification. (Doc. 21-1, Exhibit K , pp. 50-58, 107-110); (Doc. 9-1, Exhibit I, p. 4) Both victims identified McCoy as the robber. (Doc. 9-1, Exhibit I, p. 4); (Doc. 21-2, Exhibit K, pp. 107-110) The woman identified the bracelets as having been taken from her wrist during the robbery. *Id*.

McCoy filed a timely notice of direct appeal arguing the trial court violated his right to a speedy trial pursuant to Ariz.R.Crim.P. 8. (Doc. 9, p. 2) The court of appeals affirmed his convictions and sentences on March 30, 2007. *Id*.

On April 27, 2007, McCoy filed timely notice of post-conviction relief. *Id*. He argued in his petition that trial counsel was ineffective for (a) failing to request a *Dessureault* hearing to challenge the pretrial identifications and (b) failing to cross-examine the government's witnesses concerning promises and incentives that might have been made to secure their testimony. *Id*., pp. 2-3. The trial court denied the petition on December 10, 2007. (Doc. 9, Exhibit G.) On October 23, 2008, the court of appeals granted review but denied relief. (Doc. 9, p. 3) McCoy did not appeal to the Arizona Supreme Court. *Id*.

On January 25, 2010, McCoy filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Doc. 1) He raises the following claims: (1) counsel was ineffective for (a) failing to request a *Dessureault* hearing to challenge the out-of-court identification and (b) failing to cross-examine the government's witnesses concerning promises and incentives that might have been made to secure their testimony and (2) his Sixth Amendment right to a speedy trial was violated. *Id*.

The respondents filed an answer arguing, among other things, that the petition is time-barred. The Magistrate Judge issued a report recommending that the District Court dismiss the petition on that ground. After further briefing, the District Court held that the petition was timely and referred the matter again to the Magistrate Judge. The respondents filed a supplemental brief on May 24, 2011. McCoy did not file a reply.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [his] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our

- 3 -

independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the legal issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal bases. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified 247 F.3d 904 (9th Cir. 2001); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528

- 4 -

U.S. 1087 (2000) or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not fairly presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Discussion: Speedy Trial

McCoy claims his "Sixth Amendment" right to a speedy trial was violated. (Doc. 1) McCoy raised the speedy trial issue in his direct appeal, but in his brief he argued only that his speedy trial right under *state law* was violated. He did not appraise the state court that he was raising a federal claim. Accordingly, he did not properly exhaust this claim below.

Rather than dismiss, the court will address the claim on the merits because it has no support in the record. *See* 28 U.S.C. § 2254(b)(2).

The Sixth Amendment accords the accused a right to a speedy trial. U.S. Const. Amend. VI. "The seminal case in this area is *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which the Supreme Court identified some of the factors to be employed in

assessing whether a particular defendant has been deprived of the right to a speedy trial." *U.S. v. Sandoval*, 990 F.2d 481, 482 (9th Cir. 1993) (punctuation modified). "They include: (1) the length of the delay; (2) the reason the government assigns to justify the delay; (3) the defendant's responsibility to assert his right to a speedy trial; and (4) the prejudice to the defendant. *Id*. (punctuation modified).

In this case, the record indicates that McCoy was arrested on November 23, 2004, and arraigned on December 2, 2004. (Doc. 9-1, Exhibit A, pp. 2-4); (Doc. 9-1, Exhibit B, p. 1) He was originally set to be tried on August 2, 2005, but the trial was continued December 13, 2005, following a trial severance. (Doc. 9-1, Exhibit B, p. 1) Trial was again continued until March 28, 2006, because one of the state's witnesses was unavailable. (Doc. 9-1, Exhibit A, pp. 2-4) At the hearing on the motion to continue, defense counsel "acknowledged that the defendant [was] not prejudiced by the delay," and the court explicitly made that finding. *Id*. The court of appeals found no evidence in the record that the defendant objected to the continuance at the time. *Id*.

According to the record, McCoy suffered a delay from arrest to trial of 16 months. Most of the delay occurred because one of the government's witnesses was unavailable. The Supreme Court considers the absence of a witness to be a strong excuse for delay. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. The defendant did not assert his rights to a speedy trial, and he was not prejudiced by the delay. On this record, McCoy's speedy trial rights were not violated. *See, e.g., Barker*, 407 U.S. at 533-36, 92 S.Ct. at 2193-95. (Speedy trial right was not violated where "the length of delay between arrest and trial – well over five years – was extraordinary,""[o]nly seven months of that period can be attributed to a strong excuse," the defendant did not assert his speedy trial rights, and "prejudice was minimal.")

Discussion: Ineffective Assistance of Counsel

McCoy claims his "Sixth Amendment" rights were violated when trial counsel (1) failed to "request a *Dessureault* hearing" to challenge the out-of-court identification and (2) failed to cross-examine the prosecution's witnesses to see if the government had offered promises or

other incentives for their testimony. (Doc. 1) The respondents urge the court to deny the claims on the merits.

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961(9th Cir. 2002), reissued as amended, 311 F.3d 928 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). Habeas relief, however, is available only if "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* To show prejudice, the petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because McCoy challenges his conviction, he must show "there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal citation omitted).

In his first claim of attorney error, McCoy argues counsel should have challenged the out-of-court identifications by requesting a *Dessureault* hearing. *See State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969). He does not, however, explain why he believes such a challenge would have been successful.

Evidence presented at trial of an out-of-court identification may violate due process if the identification procedure created "a very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U.S. 188, 198 (1972). "Suggestive confrontations are

- 7 -

disapproved because they increase the likelihood of misidentification and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous." *Id*.

If the court finds a pre-trial identification procedure was unnecessarily suggestive, the court proceeds to determine whether the ultimate identification was nevertheless sufficiently reliable. *Id*., at 198-99. If so, then its admission at trial did not violate due process. *Id*. "[T]he central question, [is] whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." *Id*. at 199. "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id*. at 199-200.

In this case, the evidence presented at trial indicates the likelihood of misidentification was low. The witnesses were victims of a crime and likely to have their attention directed toward the perpetrator. (Doc. 21-2, Exhibit K, pp. 9, 10, 73, 74, 98, 99, 107, 109) The witnesses were close to the perpetrator for a number of minutes, being either right next to or in the same room as the perpetrator. *Id*. The length of time between the crime and the show-up was a few hours at most. (Doc. 21-2, Exhibit K, p. 24) There is no indication that either victim was hesitant in identifying McCoy, and one witness testified that he was quite sure of his identification. (Doc. 21-2, Exhibit K, pp. 58, 110) Moreover, when McCoy was arrested, he had in his pocket jewelry belonging to one of the victims. (Doc. 21-2, pp. 10, 11, 12, 18, 22) In general, show-ups are considered more suggestive than other methods of identification, but the Supreme Court has held that they are permissible at least under certain circumstances. *See* (Doc. 21-2, pp. 50, 51, 52), *see also Neil v. Biggers*, 409 U.S. 188, 198 (1972) ("[T]he admission of evidence of a showup without more does not violate due process."). Based on the totality of the circumstances and after consideration of the *Biggers* factors, the court concludes

that the witnesses' identification of McCoy was reliable even though the confrontation procedure may have been suggestive.

It is unlikely that evidence of the identification would have been suppressed had counsel demanded a *Dessureault* hearing. Accordingly, McCoy cannot establish prejudice from counsel's performance. And, because he cannot show prejudice from counsel's alleged failure, he cannot establish counsel's performance was deficient. Failing to raise an nonmeritorious issue is not deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance. . . ."). The decision of the state court of appeals on this issue was neither "contrary to," nor an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

In his second claim of attorney error, McCoy argues counsel was ineffective for failing to cross-examine the prosecution's witnesses to see if the government had offered promises or other incentives for their testimony. (Doc. 1) McCoy, however, offers no evidence that the government did offer these witnesses anything. His claim is entirely speculative. Accordingly, he cannot prove counsel's performance prejudiced him, and without proof of prejudice, he cannot show counsel's performance was deficient. *See, e.g., Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008) ("Such speculation is plainly insufficient to establish prejudice."). Counsel was not ineffective and the decision of the state court of appeals on this issue was neither "contrary to," nor an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1) McCoy's trial counsel was not ineffective and his speedy trial rights were not violated.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 9th day of August, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge