1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Jerry Dean McCoy,                    )    No. CV 10-52-TUC-RCC
                                         )
10              Petitioner,              )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Charles L.  Ryan, et al.,            )
13                                       )
                Respondents.             )
14                                       )
                                         )
15  _____ )

16

17       Pending before the Court is Petitioner Jerry Dean McCoy's Petition for Writ of

18  Habeas Corpus (Doc. 1) and Magistrate Judge Glenda Edmonds' Report and

19  Recommendation (R&R) (Doc. 22).  The Court accepts and adopts Magistrate Judge Glenda

20  Edmonds' August 9, 2010 R&R (Doc.  22) as the findings of fact and conclusions of law of

21  this Court and denies Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

22  **I.      Background**

23       The state level factual and procedural background in this case is thoroughly

24  detailed in the "Summary of the Case" portion of Magistrate Judge Edmonds' R & R

25  (Doc.  22). This Court fully incorporates by reference the Summary of the Case section of

26  the R & R into this Order.

27

28

On January 25, 2010, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer on March 24, 2010 (Doc. 9). Magistrate Judge Edmonds filed a R&R recommending that Petitioner's habeas petition be denied in full as it was time-barred (Doc. 10). This Court determined that Petitioner was entitled to equitable tolling and referred the case back to Magistrate Judge Edmonds (Doc. 19). Respondents filed a Supplemental Answer on May 24, 2011 (Doc. 21). On August 9, 2011, Magistrate Judge Edmonds issued a R&R recommending that this Court deny the habeas petition on its merits. This Court gave Petitioner until September 20, 2011 to file his objections to the new R&R. Petitioner did not file any objections to the R&R issued on August 9, 2011 (Doc. 22).

## II.   Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to a R & R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). When no objection is filed, the district court need not review the R & R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation).

The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

Petitioner has filed no objections to the R&R (Doc. 22). This Court considers the R&R to be thorough and well-reasoned. After a thorough and de novo review of the record, the Court will ADOPT the R&R of Magistrate Judge Edmonds (Doc. 22).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Edmonds' Report and Recommendation (Doc. 22) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied** without leave to amend, and this action is **dismissed with prejudice**, and the Clerk should enter judgment and close this case.

DATED this 18th day of November, 2011.

Raner C. Collins
United States District Judge